# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KROPA, | : | No. 3:08cv551 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CABOT OIL & GAS CORPORATION, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is defendant's motion for reconsideration (Doc. 48) of the court's memorandum and order denying defendant's motion to dismiss.

**Background**

Plaintiffs initiated the instant dispute on March 25, 2008 by filing a lawsuit in the Court of Common Pleas of Susquehanna County, Pennsylvania. (See Amended Complaint (hereinafter "Complt.") (Doc. 17)). Plaintiffs are residents of Pennsylvania and Defendant is a Delaware Corporation with its principal place of business in Houston, Texas. (Notice of Removal at ¶¶ 4-5). On or about March 8, 2006, the plaintiff entered into an oil and gas lease with the defendant. (Complt. at ¶ 5). Defendant owns fifty-one acres in Brooklyn Township, Susquehanna County, Pennsylvania. (Id. at ¶ 4). Defendant authorized its agents to offer $25.00 per acre for the lease. (Id. at ¶ 6). Defendant thus offered plaintiffs a total of $1,275.00 as consideration for the lease. (Id. at ¶ 7). Defendant's agents also told plaintiffs that defendant would never pay more than $25.00 per acre for the lease. (Id. at ¶ 8).

Subsequently, plaintiffs' neighbors were apparently paid more than $25.00 per acre for leases on their property. (Id. at ¶ 9). Despite assurances from the defendant, the lease the plaintiffs signed with defendant did not conform to Pennsylvania law. (Id. at ¶¶ 10-11).

Plaintiffs' complaint contains two counts. Count I alleges fraudulent inducement. Plaintiffs contend that defendant's agents assured them that the company would never pay more than $25.00 per acre. They relied on this statement and signed the lease, only to discover later that these statements were false and that others had signed far more lucrative deals with defendant. (Id. at ¶¶ 15-17). Defendant also represented to plaintiffs that if they failed to sign a lease defendant would negotiate leases with neighbors and capture the gas under plaintiffs' land through the rule of capture, leaving plaintiffs without a lease or gas on their land. (Id. at ¶ 19). According to the complaint, these statements all were false and all induced plaintiff to sign the lease. (Id. at 15). Count II alleges that the lease plaintiffs signed violates state law by requiring that plaintiffs pay a portion of the production costs of any natural gas on their land before receiving the proceeds from any royalties from that gas. As relief, plaintiffs request that the court declare the lease signed by the parties invalid.

On March 25, 2008, defendant filed a notice of removal with this court. (Doc. 1). Less than a week later, defendant filed a motion to dismiss (Doc. 2). The parties briefed the motion to dismiss, and the court held oral argument. The court granted

the defendant's motion in part and denied it in part. (See Doc. 48). The effect of that decision was to allow plaintiff's claims for fraudulent inducement and for declaratory judgment to go forward. (Id.).

After the court issued this decision, the defendant filed a motion with the court to stay proceedings, or in the alternative for reconsideration of the order denying defendant's motion to dismiss. (See Doc. 49). The basis of defendant's motion to stay proceedings was that the Pennsylvania Supreme Court had before it a petition seeking extraordinary jurisdiction to consider the proper interpretation of the Pennsylvania Minimum Royalty Act. Since the proper interpretation of this act was at issue in plaintiff's second claim and the court would be bound by the decision of the Pennsylvania Supreme Court, the defendant requested that the court stay the case pending that court's resolution of the matter. The court agreed to stay the case and directed the parties to notify the court when reopening the case was appropriate. (See Doc. 61).

On March 26, 2010, defense counsel wrote to inform the court that the Pennsylvania Supreme Court has issued a decision interpreting the minimum royalty act. The Supreme Court concluded, as the defendant here argued in its motion to dismiss, that the royalty payment should be calculated at the wellhead, not the point of sale. As such, the royalty agreement at issue in the Supreme Court case (and in this case) was valid under Pennsylvania law.

The court had stayed the case pending this decision from the Pennsylvania

3

Supreme Court. As the reason for staying the case has now expired, the court will reopen the case and consider the defendant's motion for reconsideration.

**Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993). Such motions also may not be used to give a dissatisfied party a chance to "[change] theories and try again," obtaining a "'second bite at the apple.'" Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that Ogden is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

**Discussion**

    **A. Royalty Issue**

The court will grant the defendant's motion for reconsideration as it relates to the issue of whether the royalty agreement signed by the parties was valid under Pennsylvania law. There has been an intervening clarification of the controlling law. The Pennsylvania Supreme Court has concluded that a lease like that signed between the parties here is valid. See Kilmer v. Elexco Land Svcs., Inc., 990 A.2d 1147 (Pa. 2010). Plaintiff therefore could not prevail on his claim seeking a declaratory judgment. Judgment is therefore appropriate for defendant on plaintiff's claim, and the court will dismiss it.

**B. Fraudulent Inducement**

In its motion to dismiss, the defendant argued that the court committed clear error of law in denying defendant's motion to dismiss plaintiff's fraudulent inducement claim. Defendant argued that the parol evidence rule prevented the court from considering external evidence in evaluating the contract. The court denied this portion of defendant's motion, finding that there was more than one agreement at issue, and at an early point in the litigation there was an issue as to whether those agreements were integrated. In arguing for reconsideration, the defendant argues that the court found that the writings represented the entire agreement between the parties, that those agreements were thus integrated, and that the parol evidence rule therefore prevents consideration of evidence outside the contract.

The parol evidence rule is a doctrine of contract interpretation. The rule works

5

"'to preserve the integrity of written agreements by refusing to permit the contracting parties to attempt to alter the import of their contract through the use of contemporaneous [or prior] oral declarations.'" Hamilton Bank v. Rulnick, 136 (Pa. Super. Ct. 1984) (quoting LaDonne v. Kessler, 389 A.2d 1123, 1126 (Pa. Super. Ct. 1978)). As defined in Pennsylvania, the parol evidence rule provides that:

> Where parties, without fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract, . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence.

Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Inv., 951 F.2d 1399, 1405 (3d Cir. 1991) (quoting Gianni v. Russel & Co., 126 A. 791 (Pa. 1924)). Thus, for the parol evidence rule to apply, a court must answer three questions: "(1) Have the parties made a contract? (2) Is that contract void or voidable because of illegality, fraud, mistake, or any other reason? (3) Did the parties assent to a particular writing as the complete and accurate 'integration' of that contract." CORBIN ON CONTRACTS § 573. If the answer to any of these questions is "no," then the rule does not apply. Id. As the Third Circuit Court of Appeals has pointed out, "'no contract, no parol evidence rule.'" Mellon, 951 F.2d at 1408.

The court will deny the motion for reconsideration on these grounds. The defendant's argument that the court found the written agreement between the parties to be fully integrated is only a part of the inquiry into whether the parol evidence rule should apply, and it is not material to the issue of whether a contract actually exists

6

between the parties. The purpose of the parol evidence rule is to give meaning to the writings of parties who sign valid contracts. Here, the plaintiff alleges that no valid contract exits, because the defendant induced plaintiff to sign the contract through fraud. Plaintiff does not ask the court to interpret the terms of the contract between the parties by using oral or written evidence outside that document, but instead asks the court to find that no contract existed between the parties because of fraud in the inducement. "[E]vidence of fraud in the inducement will suspend the parol evidence rule because fraud prevents formation of a valid contract." Mellon, 951 F.2d at 1408; see also, CORBIN ON CONTRACTS § 580 (noting that "fraud in the inducement of assent, or an antecedent mistake by one known to the other, may make the contract voidable without preventing its existence, and without showing that the writing was not agreed on as a complete integration of its terms."). The parol evidence rule does not prevent an inquiry into the existence of a contract itself.

**Conclusion**

For the reasons stated above, the court will lift the stay on this matter and grant the defendant's motion for reconsideration in part and deny it in part. An appropriate order follows.

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN KROPA,** | : | No. 3:08cv551 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **CABOT OIL & GAS CORPORATION,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 9th day of June 2010, the Clerk of Court is hereby ordered to **REOPEN** the instant case. The defendant's motion for reconsideration (Doc. 49) is hereby **GRANTED** in part and **DENIED** in part, as follows:

1. The motion is **GRANTED** with respect to plaintiff's royalty claim. That claim is hereby **DISMISSED** from the case;

2. The motion is **DENIED** with respect to plaintiff's fraudulent inducement claim.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**

8